**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 17, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: *10/20/2014*

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall Federal Courthouse
40 Foley Square
New York, NY 10007-1312

Re:    United States v. Michael Lucarelli, 14 Cr. 632 (JMF)

Dear Judge Furman:

We respectfully submit this letter in connection with the defendant's plea in this matter. On September 24, 2014, the defendant entered a guilty plea to Count One of Information 14 Cr. 632 (JMF), which charged him with one substantive count of securities fraud. Following a lengthy factual allocution, the Court accepted the defendant's guilty plea. The Government has since received and reviewed the transcript of the proceeding, which is also enclosed herewith. Following that review, we wish to clarify a statement made by the Government during the proceeding regarding the elements of insider trading.

In response to the Court's question about whether it was necessary for the defendant to admit, or for the Government to prove, knowledge that his trades violated a duty to his employer, Lippert/Heilshorn & Associates, Inc. ("LHA"), the Government stated, "[C]ertainly we could prove that; however, even if Mr. Lucarelli were not an employee of LHA but were simply entering the office and stealing the draft press releases, it would still be unlawful and it would still be insider trading. . . .[I]t's also our belief that even absent [a] duty, Mr. Lucarelli, if he's misappropriating the information, would still be culpable of insider trading." Transcript of Lucarelli Plea Allocution ("Tr.") at 29. This summary of the law – that an individual without any fiduciary duty to the owner of material, nonpublic information can nonetheless be guilty of insider trading under Section 10(b) of the Securities Exchange Act of 1934 – is accurate, but only to the extent that affirmative misrepresentations were used by that individual to gain access to the information. *See S.E.C.* v. *Dorozhko*, 574 F.3d 42, 49-50 (2d Cir. 2009) ("Even if a person does not have a fiduciary duty to 'disclose or abstain from trading,' there is nonetheless an affirmative obligation in commercial dealings not to mislead"); *id.* at 51 ("In our view, misrepresenting one's identity in order to gain access to information that is otherwise off limits, and then stealing that information is plainly 'deceptive' within the ordinary meaning of the word."). Thus, under *Dorozhko*, not all thefts of material, nonpublic information in the absence of a fiduciary duty are actionable under Section 10b-5; such liability only arises when affirmative misrepresentations are used to obtain the information.

Here, however, the Government need not rely on a *Dorozhko* theory of insider trading, and nothing in Lucarelli's allocution established that he used affirmative misrepresentations to access the material, nonpublic information. Instead, the defendant was charged under the "misappropriation theory" of insider trading, which <u>does</u> require a knowing breach of a fiduciary duty to the source of the material, nonpublic information to maintain that information in confidence.   A person commits securities fraud "when he 'misappropriates confidential information for securities trading purposes, in breach of a duty owed to the source of the information.'"   *United States* v. *Gansman*, 657 F.3d 85, 90-91 (2d Cir. 2011) (citing *United States* v. *O'Hagan*, 521 U.S. 642, 652 (1997); *see also S.E.C.* v. *Obus*, 693 F.3d 276, 284 (2d Cir. 2012) (misappropriation theory "targets persons who are not corporate insiders but to whom material non-public information has been entrusted in confidence and who breach a fiduciary duty to the source of the information to gain personal profit in the securities market."). Trading on material nonpublic information in the face of such a duty violates the securities laws because "[o]ne who has a fiduciary duty of trust and confidence to shareholders (classical theory) or to a source of confidential information (misappropriation theory) and is in receipt of material non-public information has a duty to abstain from trading or to disclose the information publicly." *Id.* at 285.  The existence of a fiduciary duty to the source of material, nonpublic information, and a corresponding breach of that duty, are therefore essential elements of a securities fraud prosecution premised on the misappropriation theory.

On the record before the Court, the Government submits that the defendant's allocution, coupled with the Government's proffers of what the evidence at trial would show, sufficiently establish a knowing breach of a fiduciary duty by the defendant.  In his plea allocution, Lucarelli initially acknowledged the existence of such a duty.  *See* Tr. 24 ("I was aware that I should not have used this information for my own personal trading.").  To be sure, in response to questions from the Court, Lucarelli first equivocated about the existence of such a duty[1], and then, after further questioning, denied awareness of such a duty.[2]  However, following this colloquy, the Government proffered that it would offer evidence at trial including witness testimony about LHA's policies, and evidence of Lucarelli's accesses of material, nonpublic information located on LHA's servers, and that this evidence would establish that Lucarelli owed a duty to LHA and its clients to maintain the clients' material, nonpublic information in confidence.  (Tr. 28-29). Following this proffer, the Court again asked Lucarelli whether he understood he had a fiduciary duty with respect to the client information he used to trade, and, this final time, Lucarelli

---

[1] *See* Tr. 26 ("I do understand from my counsel that though I was an independent contractor with no signed employment agreement, there *could* have been a fiduciary obligation") (emphasis added).

[2] *See* Tr. 27 ("THE COURT:  Did you understand that you were not allowed by LHA to trade on material nonpublic information that you obtained by virtue of working there, whether as an employee or an independent contractor?  Did you understand that?  THE DEFENDANT:  I guess my answer to that would be not specifically . . . ."); Tr. 27 ("THE COURT:  My understanding from a review of the complaint in this matter is that LHA had a written Code of Conduct that indicated that no one connected with LHA may directly or indirectly trade in any security issued by a client of LHA or engage in short sales of client securities or trade in options and so forth . . . .  Are you aware of that?  THE DEFENDANT:  I was never given any of that information . . . .").

acknowledged that he understood he did have such a duty.  *See* Tr. 30 ("THE COURT:  Mr. Lucarelli, do you acknowledge that the material nonpublic information that you have referred to that you obtained through these draft press releases, that information, if you will, belonged to LHA and to its clients and was not yours to trade on?  Is that a fair statement?  THE DEFENDANT:  I understand that.").  In light of this acknowledgement, and in light of the other facts in the record, including the Government's proffer regarding what the evidence at trial would show, the Government believes that there was a sufficient factual basis for acceptance of the defendant's guilty plea to a securities fraud count premised on the misappropriation theory of insider trading.  *United States* v. *Torellas*, 455 F.3d 96, 99 (2d Cir. 2006) ("[S]o long as the facts relied on are placed on the record at the time of the plea, the district court, in determining whether there was a factual basis for the plea, is free to rely on any facts at its disposal-not just the admissions of the defendant.") (citation omitted).

Very truly yours,

PREET BHARARA
United States Attorney

By:  __/s/ Brian R. Blais_____
Brian R. Blais/Damian Williams
Assistant United States Attorneys
(212) 637-2521/2298

cc:   Patrick McGinley, Esq. (by electronic mail)

No later than October 23, 2014, Defendant shall file a letter addressing whether, in light of the Government's letter, he continues to believe that there was a sufficient factual basis for the plea.

SO ORDERED.

October 20, 2014